IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. |
| POWER CELL LLC D/B/A ZEUS BATTERY PRODUCTS, | ) ) ) |
| Defendant. | ) ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, Great American E&S Insurance Company ("Great American") by its attorneys, Michael J. Duffy and Ashley J. Conaghan of Wilson Elser Moskowitz Edelman & Dicker LLP, and for their Complaint for Declaratory Judgment against the Defendant Power Cell LLC d/b/a Zeus Battery Products ("Zeus"), states as follows:

**STATEMENT OF THE CASE**

1. This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Great American owes no insurance coverage obligations to Zeus for claims against it in a counterclaim filed by Springs Window Fashions, LLC ("SWF")(the "SWF Counterclaim") in the lawsuit styled as *Power Cell LLC d/b/a Zeus Battery Products v. Springs Window Fashions, LLC*, Case No. 17-cv-04382 currently pending the United States District Court for the Northern District of Illinois (the "*Power Cell* suit"). The counterclaim does not seek damages covered by either insuring agreement of the Commercial General Liability policy Great American issued to Zeus.

2383669v.1

Moreover, even if any of the damages would survive the insuring agreement of the policy, they would be excluded by several exclusions.

## PARTIES

2. Great American is an insurance company formed under the laws of the State of Delaware with its principal place of business in Ohio. Great American conducts business in Illinois and within the geographical boundaries of this District.

3. Zeus is an Illinois limited liability company with its principal place of business in Illinois. Upon information and belief, Zeus' member(s) are citizens of Illinois. Zeus conducts business in Illinois and within the geographical boundaries of this District.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns coverage under an insurance policy issued to cover risks in this District for a suit pending in this District and the parties conduct business in this District.

## FACTS

6. On May 8, 2017, Zeus filed a complaint against SWF seeking payment from SWF for lithium batteries Zeus sold to SWF ("the Batteries"). A copy of Zeus's Complaint is attached as Exhibit A.

7. The Complaint alleges that in June 2016, a customer reported an incident with SWF's product and/or the Batteries. (See, Ex. A ¶26).

2

8. Upon information and belief, in July 2016, because SWF suspected a defect in Zeus's Batteries, it refused to accept delivery of a shipment of Zeus' Batteries. (See, Ex. A ¶21).

9. On or about February 24, 2017, Zeus, *via* its insurance agent, informed Great American of a potential issue with the Batteries.

10. On July 5, 2017, SFW filed a Counterclaim in the *Power Cell* suit. A copy of SWF's Counterclaim is attached as Exhibit B.

11. In its Counterclaim, SWF seeks to recover the sums it paid to replace the Batteries in SWF's products ($115,000), the sums it paid Zeus for the Batteries ($130,000), the sums SWF paid to recall its product containing Zeus' Batteries (more than $1,000,000), as well as attorneys' fees. (See, Ex. B ¶14, 21, 22 Forth Counterclaim, prayer for relief).

12. Great American issued a liability policy to Zeus bearing policy number PL 4959330-00 effective from April 19, 2016 to April 19, 2017 ("the Policy"). A copy of the Policy is attached as Exhibit C.

13. The Policy provides, in part, as follows:

**Section I - Coverages**

**Coverage A - Bodily Injury and Property Damage Liability**

**1.  Insuring Agreement**

a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at

3

our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

* * *

b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * *

2.  **Exclusions**

    This insurance does not apply to:

    * * *

    b.  **Contractual Liability**

        "Bodily injury" or "property damage" for which the Insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        (1) that the Insured would have in the absence of the contract or agreement; or

        (2) assumed in a contract or agreement that is an "insured contract," provided the bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed in an "insured contract," reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of

"bodily injury" or "property damage," provided:

(a) liability to such part for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

k. **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\* \* \*

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your

5

product" or "your work" after it has been put to its intended use.

\* \* \*

n. **Recall of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) "your product";

(2) "your work"; or

(3) "impaired property";

If such product, work or property is withdrawn or called form the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

**Coverage B - Personal and Advertising Injury Liability**

1. **Insuring Agreement**

   a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit' seeking those damages. However, we will have no duty to defend the Insured against any 'suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   \* \* \*

    b.    This insurance applies to "personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory" during the policy period.

\*   \*   \*

**2.**      **Exclusions**

This insurance does not apply to:

\*   \*   \*

    e.    **Contractual Liability**

"Personal and advertising injury" for which the Insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the Insured would have in the absence of the contract or agreement.

    f.    **Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

\*   \*   \*

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*   \*   \*

**2.**      **Duties in the Event of Occurrence, Offense, Claim or Suit**

    a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1)    how, when and where the "occurrence" or offense took place.

        (2)    the names and addresses of any injured persons and witnesses; and

2383669v.1

    (3) the nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

    (1) immediately record the specifics of the claim or "suit" and the date received; and

    (2) notify us as soon as practicable.

  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

  c. You and any other involved insured must:

    (1) immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2) authorize us to obtain records and other information;

    (3) cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*   *   *

**SECTION V -- DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

8

  a. notices that are published include material placed on the Internet or on similar electronic means of communication; and

  b. regarding web sites, only that part of a web site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

\* \* \*

3. "Bodily injury" means injury, sickness, disease or "incidental medical malpractice" sustained by a person, including death of a person. "Bodily injury" also means mental anguish, mental injury or shock if directly resulting from physical injury, sickness or disease to that person.[1]

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

  a. it incorporates "your product" or "your work" that is known or thought to be defective, efficient, inadequate or dangerous; or

  b. you have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work"; or your fulfilling the terms of the contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

---

[1] Quoted as amended by Form ESG 3206 (Ed. 01/16).

    a.    false arrest, detention or imprisonment;

    b.    malicious prosecution;

    c.    the wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    oral or written publication, in any manner, of material that violates a person's right or privacy;'

    f.    the use of another's advertising idea in your "advertisement"; or

    g.    infringing upon another's copyright, trade dress or slogan in your "advertisement."

    \*     \*     \*

17.    "Property damage" means:

    a.    physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on; or transmitted to for from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing

10

2383669v.1

devices or any other media which are used with electronically controlled equipment.

* * *

21. "Your product":

   a. Means:

      (1) any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

         (a) you;

         (b) others trading under your name; or

         (c) a person or organization whose business or assets you have acquired; and

      (2) containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   b. Includes:

      (1) warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

      (2) the providing of or failure to provide warnings or instructions.

   c. Does not include vending machines or other property rented to or located for the use of others but not sold.

* * *

14. Zeus has demanded that Great American defend and indemnify it under the Policy with respect to the claims against it in the *Power Cell* suit.

15. Great American denies it owes Zeus any defense or indemnity obligation with respect to the claims against it in the *Power Cell* suit.

16. An actual and justiciable controversy exists between Great American and Zeus as to the availability of insurance coverage for Zeus with respect to the claims against it in the *Power Cell* suit under the Policy and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

## COUNT I
## No "Bodily Injury" Caused by an "Occurrence"

17. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

18. Subject to all of its terms, the Policy provides coverage for claims for "damages" because of "bodily injury" caused by an "occurrence" as those terms are defined and used in the Policy.

19. The claims against Zeus in the *Power Cell* suit do not concern claims for "damages" because of "bodily injury" caused by an "occurrence."

20. Accordingly, Great American does not owe any defense or indemnity obligation to Zeus under the "bodily injury" coverage of the Policy for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

B.  For all such just and equitable relief, including costs of this suit.

## COUNT II
### No "Property Damage" Caused by an "Occurrence"

21.  Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

22.  Subject to all of its terms, the Policy provides coverage for claims for "damages" because of "property damage" caused by an "occurrence" as those terms are defined and used in the Policy.

23.  Zeus does not seek "damages" because of "property damage" caused by an "occurrence."  Zeus does not seek any "damages" because of "physical injury to tangible property" or any "loss of use" of tangible property caused by an accident.

24.  Accordingly, Great American does not owe any defense or indemnity obligation to Zeus under the "property damage" coverage of the Policy for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

A.  A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

B.  For all such just and equitable relief, including costs of this suit.

## COUNT III
### No "Personal and Advertising Injury"

25.  Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

26. Subject to all of its terms, the Policy provides coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Policy.

27. The claims against Zeus in the *Power Cell* suit do not concern claims for "damages" because of "personal and advertising injury."

28. Therefore, Great American does not owe any defense or indemnity obligations to Zeus under the "personal and advertising injury" coverage of the Policy for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV
## Breach of the Notice Condition

29. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

30. The Policy requires that Great American be notified of an "occurrence" or an offense that may result in a claim as soon as practicable. (See, Ex. C).

31. Zeus was aware at least as early as June or July of 2016 that SWF suspected a defect in the Batteries in July 2016.

32. Great American did not receive notice of any "occurrence" or claim associated with the Batteries until on or about February 24, 2017 nearly eight months later.

33. Because Great American failed to receive timely notice of SWF's suspected defect described in the *Power Cell* suit, the notice provision in the Policy was breached and whatever coverage might have otherwise been available for the claims against Zeus in the *Power Cell* suit has been forfeited.

34. Therefore, Great American has no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT V
### Damage to Your Product Exclusion Precludes Coverage

35. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

36. The Policy precludes coverage for any "property damage" to "your product" as those terms are defined in the Policy.

37. To the extent that any "property damage" to the Batteries is alleged, those damages fall within the Your Product Exclusion.

38. Therefore, Great American has no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

    B.    For all such just and equitable relief, including costs of this suit.

**COUNT VI**
**Impaired Property Exclusion Precludes Coverage**

39.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

40.    The Policy excludes coverage for damage to impaired property or property not physically injured arising out of a defect, deficiency or inadequacy of Zeus' "product" or "work."

41.    To the extent that any "property damage" is alleged either to impaired property or property not physically injured, those damages in the *Power Cell* suit fall within the Impaired Property Exclusion.

42.    Accordingly, Great American has no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

    B.    For all such just and equitable relief, including costs of this suit.

**COUNT VII**
**Recall of Products, Work or Impaired Property Exclusion Precludes Coverage**

43.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

2383669v.1

44. The Policy precludes coverage for damages claimed for any loss, costs or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your product," "your work" or "impaired property" for products, work or property recalls from the market because of a known or suspected defect, deficiency, inadequacy or dangerous condition. SWF's allegations that the blinds and Batteries need to be recalled fall within the exclusion as these damages would be for "your product" or "impaired property" because of a known or suspected defect or dangerous condition.

45. Therefore, the claims in the *SWF* Counterclaim fall within the Recall of Products, Work or Impaired Property Exclusion

46. Therefore, Great American has no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Great American owes no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT VIII
## Contractual Liability and/or Breach of Contract Exclusions Preclude Coverage

47. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

48. The Policy precludes coverage for "bodily injury," "property damage" and "personal and advertising injury" for which the Insured is obligated to pay damages by reason

17

of the assumption of liability in a contract or agreement and for "personal and advertising injury" arising out of a breach of contract. At a minimum, the damages sought by SWF for replacing the Batteries in SWF's products ($115,000) and the sums SWF paid Zeus for the Batteries ($130,000) would fall within these exclusions.

49. The claims in the *SWF* Counterclaim fall within the contractual liability and/or breach of contract exclusions.

50. Therefore, Great American has no duty to defend or indemnify Zeus for the claims against it in the *Power Cell* suit.

WHEREFORE, Plaintiff, Great American E&S Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Great American owes no coverage for these claims against Zeus in the *Power Cell* suit; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: _____/s/ Michael J. Duffy_____
One of the Attorneys for Great American Insurance Company

Michael J. Duffy (6196669) - michael.duffy@wilsonelser.com
Ashley J. Conaghan (6303052) - Ashley.conaghan@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2383669v.1